IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SANDRA KAY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00617-DGK |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER GRANTING PARTIAL MOTION TO DISMISS**

This case arises from Defendant, Social Security Administration's failure to promote *pro se* Plaintiff Sandra Kay Brown. Plaintiff alleges that the Agency's failure to promote her violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq*.

Now before the Court is the Agency's unopposed Partial Motion to Dismiss (Doc. 12) under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff failed to exhaust her administrative remedies for all but her 2014 claims of age discrimination and retaliation, Defendant's motion is GRANTED.

## **Background**

Plaintiff worked at the Social Security Administration as a Lead Contact Representative in the Kansas City Teleservice Center. During her tenure with the Agency, Plaintiff requested equal employment opportunity ("EEO") counseling[1] on three separate occasions.

---

[1] 29 C.F.R. § 1614.105 requires federal employees to first consult a counselor before filing a formal complaint and is the first step towards exhaustion of administrative remedies.

In July 2012, she requested counseling for alleged discrimination based on age and race after she was not selected for a claims representative position with the Agency. She voluntarily withdrew that complaint, in August 2012, and no further action on this complaint was taken.

In July 2014, she applied for a promotion as a Teleservice Supervisor but was not selected for the position. She then filed a request for EEO Counseling alleging discrimination based on age and reprisal[2]. The Agency investigated her complaint and concluded that she had not been discriminated against for the Teleservice Supervisor vacancy. The Equal Employment Opportunity Commission ("EEOC") affirmed the Agency's determination.

In December 2016, Plaintiff again requested EEO counseling after she was not selected for a different promotion, again alleging retaliation. In March 2017, she voluntarily withdrew her request for counseling before a report was completed, and the investigation was terminated. That same month, Plaintiff resigned from the Agency.

Plaintiff filed the present complaint on August 13, 2018, alleging Title VII and ADEA race, color, sex, and age discrimination, as well as retaliation. She also alleged a hostile work environment and harassment. Defendant then filed the instant motion, contending Plaintiff failed to exhaust her administrative remedies for all claims other than age discrimination and retaliation. Plaintiff did not respond to the motion.

**Standard**

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570,

---

[2] There is no functional difference between a claim for retaliation and a claim for reprisal, and the terms are used interchangeably. *See e.g. Weger v. City of Ladue*, 500 F.3d 710 (8th Cir. 2007); *Achterberg v. Albaugh, LLC*, No. 5:16-CV-06097-DGK, 2017 BL 399479 (W.D. Mo. Nov. 7, 2017).

2

127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Discussion**

Before bringing a claim under Title VII, a plaintiff must first exhaust her administrative remedies by "giv[ing] notice of all claims of discrimination in the administrative [charge]" with the EEOC. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Likewise, the ADEA requires a plaintiff to exhaust administrative remedies by filing a charge of discrimination with the EEOC as a condition precedent to filing suit. *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015); 29 U.S.C. § 626(d)(1). Exhaustion allows the EEOC an initial opportunity to investigate the discrimination and obtain voluntary compliance. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996). Courts are not to use administrative procedures "as a trap for unwary pro se civil-rights plaintiffs" and should construe discrimination claims "charitably" when appropriate. *Id.* at 685.

A difference exists, however, between "liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Id*. (internal marks omitted). Thus, while the judicial complaint need not mirror the administrative charge, "the sweep of any subsequent judicial complaint" must be "no broader than the scope of the EEOC investigation which could reasonably be expected to grow out of the charge filed in the EEOC complaint." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 674 (8th Cir. 2006) (citation and internal marks omitted).

Plaintiff failed to exhaust her administrative remedies as to all claims except her 2014 age discrimination and reprisal claims. Indeed, she voluntarily dismissed her 2012 and 2016

counseling requests before receiving a final agency determination. The premature termination of those investigations results in a failure to exhaust her administrative remedies. *See Johnson v. Donahoe*, No. 8:10-CV-386, 2011 WL 4430885, at *3 (D. Neb. Sept. 22, 2011) (collecting cases and noting "that an employee who withdraws her administrative complaint prior to completion of the administrative process has abandoned her claims and has therefore failed to exhaust her administrative remedies.").

Moreover, even though Plaintiff filed a complaint in 2014, she did not allege in that complaint that she was discriminated against on the basis of race, color, or sex. She also did not allege any harassment or hostile work environment claims. Thus, her failure to comply with the administrative requirements forecloses those claims. *See Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (dismissing claims for failure to exhaust where plaintiff's EEOC charge left the "race" box empty and failed to "allege any facts in the narrative section of her charge which raise the issue of race discrimination"); *Favaloro v. BJC Healthcare*, No. 4:14-CV-284-CAS, 2015 WL 6531867, at *3 (E.D. Mo. Oct. 28, 2015) (dismissing disability discrimination claim for failure to exhaust where plaintiff did not check the box for "disability" and did not allege any disability discrimination in the "particulars" section in his charge).

## Conclusion

Because Plaintiff failed to exhaust her hostile work environment, harassment claims, as well as her race, color, and sex discrimination claims, Defendant's partial motion to dismiss is GRANTED. Plaintiff 2014 claims of age discrimination and reprisal survive the Motion, but all other claims are DISMISSED.

**IT IS SO ORDERED.**

Date:   October 2, 2019                    /s/ Greg Kays
                                           GREG KAYS, JUDGE
                                           UNITED STATES DISTRICT COURT