IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SANDRA KAY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-00617-DGK |
| | ) | |
| ANDREW M. SAUL, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

This case arises from Plaintiff Sandra Kay Brown's allegations of race, color, sex, and age discrimination, and reprisal by Defendant Andrew M. Saul, Commissioner of Social Security (Doc. 1). This Court previously dismissed Plaintiff's claims of race, color, and sex discrimination for failure to state a claim (Doc. 13), so only her age-discrimination and reprisal claims—both relating to her non-selection in 2014 for a Supervisory Contact Representative position—remain. Now before the Court is Defendant's motion for summary judgment (Doc. 18). For the reasons discussed below, that motion is GRANTED.

**Undisputed Material Facts**

Plaintiff worked at the Social Security Administration as a Lead Contact Representative in the Kansas City Teleservice Center. In June 2014, she applied for a promotion as a Supervisory Contact Representative (the "Position"). At the time she applied for the Position, Plaintiff was over the age of forty. Plaintiff and seventeen other qualified candidates were offered interviews, and four candidates were ultimately offered positions. Managers for the candidates submitted recommendations in which they scored the candidate on a numerical scale based on his/her qualification and ultimately highly recommended, recommended, or did not recommend the

candidate for the Position. Curtis Lee completed Plaintiff's manager recommendation in which he gave her a numerical score of nineteen (out of a total of thirty-three) and "recommended" her. (Doc. 18 at ¶ 12). This was neither the lowest nor the highest score.

Plaintiff claims that the manager recommendation portion of her application "had nothing to do with [her] performance but was based on [her manager's] own personal feelings about [her]" (Doc. 22 at 5). She also claims that Mr. Lee should not have been the one to give her recommendation because he was not her first-line supervisor. She alleges that his negative assessment "prevent[ed Plaintiff] from receiving a fair and competitive managerial referral" (Doc. 22 at 5).

All candidates, including Plaintiff, were asked the same nine interview questions by an interview panel comprised of three people. The same panel interviewed all candidates and rated their responses to each question on a scale from one to five. At the end of the interview, the panel reached a consensus score for each question and totaled the scores for each candidate. Each candidate could receive a maximum score of forty-five points for his/her interview. Plaintiff received a score of twenty-eight, while the four candidates offered positions scored between thirty-three and forty-one.

Plaintiff claims, based on her own opinion and review of the interview panel's notes, that her scores were "deflated" while the scores of the selected candidates were "inflated" (Doc. 22 at 6–7). She claims the panel's notes do not accurately reflect her answers to its questions. She also attacks the "honestly and integrity" of the interview panel, claiming a lack of "oversight or accountability by HR during this process." *Id*. She speculates that the panel could have had multiple blank sheets because her recollection is that "the interview questions and responses are

[not] the same responses I saw from the interview." *Id.* Plaintiff offers nothing other than her own recollection and opinion as evidence of any wrongdoing by the interview panel.

After the interviews were completed, Lorena Chesley, the Teleservice Director in the Kansas City Region and selecting official for the Position, completed a scoring matrix based on the candidates' experience, monetary performance awards, manager recommendations, and interview performance. After adding up these scores, the four candidates with the highest point totals were offered the Position. Plaintiff's score earned her the thirteenth position, out of eighteen candidates. Three of the four candidates selected for the position were also over the age of forty.

Plaintiff claims that her poor score was also due in part to discrimination by those involved in the selection process for her prior protected equal employment opportunity ("EEO") counseling. She claims that this reprisal took the form of negative labels—including "angry black woman" and "a non-team player" (Doc. 1-1 at 8)—that caused management to have negative beliefs about her. She believes her non-selection was based in part on these negative beliefs.

Plaintiff had participated in EEO activity in 2012, but that information was not known by Ms. Chesley, the selecting officer for the Position. While Mr. Lee, her referring manager, was aware of prior EEO activity, he had "no knowledge at that time [of referral] of any details of Ms. Brown's prior EEO activity" (Doc. 18-12 at 1). Plaintiff asserts that both Mr. Lee and Ms. Chesley had such knowledge because "it was COMMON knowledge that employee's personal information was often leaked from management" (Doc. 22 at 2–3). Again, however, Plaintiff offers only her own recollections and opinions of evidence of reprisal.

Plaintiff's age-discrimination and reprisal claims went through the appropriate administrative process. Plaintiff applied for EEO counseling and her complaint was investigated. That investigation concluded that she had not been discriminated against in her non-selection. The

3

Equal Employment Opportunity Commission similarly concluded that Plaintiff was not discriminated against. Because Plaintiff exhausted her administrative remedies for her claims of age discrimination and reprisal related to her 2014 non-selection, those claims are properly before this Court.

## Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Summary judgment is only appropriate when "there is no dispute of fact and where there exists only one conclusion." *Crawford v. Runyon,* 37 F.3d 1338, 1341 (8th Cir. 1994) (citation omitted). A genuine dispute of material facts means there is more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the party making a factual assertion must support that assertion by "citing to particular parts of the materials in the record . . . ; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## Discussion

Under the Age Discrimination in Employment Act ("ADEA"), employees are prohibited from failing or refusing to hire a job candidate based on the candidate's age. 29 U.S.C. § 623. Although not specifically listed in the statute, 42 U.S.C. § 20003-3 applies broadly to employment actions taken that constitute reprisal. *See, e.g.*, *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 977 (8th Cir. 2012). When a plaintiff offers indirect evidence of a reprisal or age-discrimination claim—as is the case here—courts use a burden-shifting framework to analyze the claim. This

means that the plaintiff bears the initial burden of showing a prima-facie case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff succeeds, the defendant must then articulate a "legitimate, nondiscriminatory reason" to explain its employment decision. *Id.* If the defendant does so, the burden returns to the plaintiff to "demonstrate . . . that the stated non-discriminatory rational was a mere pretext for discrimination." *Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 515 (8th Cir. 2011) (citing *McDonnell Douglas*, 411 U.S. 792). A plaintiff can show the employer's rationale is mere pretext by creating a "fact issue as to whether the employer's proffered reasons are pretextual" or by creating a "reasonable inference that age [or reprisal] was a determinative factor in the adverse employment decision." *Rothmeier v. Inv. Advisors, Inc.*, 85 F.3d 1328, 1336–37 (8th Cir. 1996).

**I.     Defendant is entitled to summary judgment on Plaintiff's age-discrimination claim.**

When a plaintiff makes a claim of age discrimination based on a failure to hire, "a plaintiff must prove '(1) that the plaintiff was in the protected age group (over forty); (2) that the plaintiff was otherwise qualified for the position; (3) that the plaintiff was not hired; and (4) that the employer hired a younger person to fill the position.'" *Tusing*, 639 F.3d at 515 (citing *Wingate v. Gage Cty. Sch. Dist., No. 34*, 528 F.3d 1074, 1079 n.3 (8th Cir. 2008). Neither party disputes that Plaintiff can meet these elements. However, Defendant has provided a legitimate, nondiscriminatory reason for the non-selection.

Defendant provides ample evidence that the candidates selected were those with the highest score based on an objective and uniformly applied set of criteria. Plaintiff simply did not outperform the other candidates, despite her subjective belief that she did so. Thus, Defendant has met its burden of proving a legitimate, nondiscriminatory reason for Plaintiff's non-selection.

Thus, the burden shifts to Plaintiff to show that Defendant's reasons are a mere pretext—in other words, that its reasoning merely covers up an actual intent to discriminate based on age. To do so, Plaintiff can present evidence that creates a fact issue as to Defendant's pretext or creates a reasonable inference that Defendant used age in making its selections. To prove pretext, Plaintiff alleges the interview panel "deflated [her] score more than 10 times and inflated Mr. Tymony and Mr. Heilman more than 10 times." (Doc. 22 at 7). She further claims she was the only candidate with "the tenure with the government or the supervisor experience to be selected for the position." (Doc. 22 at 7). She spends a great deal of time second-guessing the criteria used in selecting the Position, the scores given by the interview panel, and the use of Curtis Lee to give her recommendation.

None of these claims, however, are supported by factual evidence, and mere opinion and speculation is not legally sufficient. *See* Fed. R. Civ. P. 56. Accordingly, Plaintiff has not met her burden of proving Defendant's legitimate, nondiscriminatory reasons are pretext for age discrimination. Defendant is entitled to summary judgment on this claim.

**II.     Defendant is entitled to summary judgment on Plaintiff's reprisal claim.**

As in the age-discrimination context, Plaintiff's reprisal claim[1] is governed by the *McDonnell Douglas* burden-shifting framework. Thus, she must first make out a prima facie case of reprisal. Reprisal requires that a plaintiff show (1) she engaged in legally protected activity; (2) the defendant took an action against the plaintiff's interest, called a materially adverse action; and (3) a causal connection exists between the first two elements, meaning the plaintiff must show

---

[1] Sometimes, words have one meaning outside of the legal sphere and a seemingly different one inside of it. "Reprisal" seems to be one such word. To survive summary judgment, a plaintiff must prove with evidence all three legal elements.

that her legally protected activity *caused* defendant's adverse action. *Carrington v. City of Des Moines, Iowa*, 481 F.3d 1046, 1050 (8th Cir. 2007).

This causal-connection requirement must be more than a mere "temporal connection." *Arraleah v. Cty. Of Ramsey*, 461 F.3d 967, 977 (8th Cir. 2006) (citation omitted). In other words, a plaintiff cannot prove causation simply by arguing that a defendant took a materially adverse action a short time after the plaintiff engaged in a protected activity.

Here, Plaintiff cannot establish the elements of reprisal. While she establishes both that she had participated in protected EEO activity in the past and that Defendant's non-selection was materially adverse to her, she cannot establish a causal connection between her conduct and her non-selection. Most, if not all, of the evidence she presents to the Court is in the form of her own opinions and speculations as to the motives of various actors responsible for her non-selection, like examples showing how she was not well liked by her various supervisors, both before and after her non-selection for the Position.

But at no point does Plaintiff present any evidence that her protected EEO activity caused her non-selection. She alleges that Defendant was aware of her EEO activity (Doc. 22 at 2), but mere awareness is not enough to show causation. And to the extent she claims that the temporal proximity between her EEO activity in August 2012 and her non-selection in July 2014 evidences causation, there was at least eight months between the two. This is "'is insufficient to show, and in fact weakens the showing of, the required causal link.'" *Musolf v. J.C. Penney Co., Inc.*, 773 F.3d 916, 919 (8th Cir. 2014) (quoting *Wallace v. Sparks Health Sys.*, 415 F.3d 853, 859 (8th Cir. 2005)) (finding a seven-month gap to be insufficient to prove causation). Because Plaintiff has failed to establish a prima facie case of reprisal, Defendant is entitled to summary judgment on Plaintiff's reprisal claim.

**Conclusion**

Because Plaintiff fails to create either a fact issue or a reasonable inference that Defendant's proffered rationale was mere pretext for illegal age discrimination, Defendant is entitled to summary judgment on that claim.  Defendant is also entitled to judgment on Plaintiff's reprisal claim because she failed to meet her burden of showing that her protected conduct caused Defendant's adverse action.  This case is DISMISSED.

**IT IS SO ORDERED.**

Date:  April 13, 2020  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT